## JUMBO JENNINGS v. THE STATE.

### No. 5185.   Decided November 13, 1918.

**Occupation—Intoxicating Liquors—Sufficiency of the Evidence.**

Where, upon appeal from a conviction of pursuing the occupation of selling intoxicating liquors in local option territory, the evidence sustained the conviction, there was no reversible error.

Appeal from the District Court of Smith.   Tried below before the Hon. J. R. Warren.

Appeal from a conviction of pursuing the occupation of selling intoxicating liquors in local option territory; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks*, Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of unlawfully pursuing the business and occupation of selling intoxicating liquors, in local option territory.

There are three bills of exception in the record, but as explained by the court in his qualification we are of opinion they present no question of a reversible nature.   The State relied upon the testimony of Doug Dyer, who states that on the 8th and 9th of August he bought intoxicating liquors from appellant.   Dyer also testified that he bought intoxicating liquors from him many other times.   The sheriff testified that at one time he was called to go out the road leading from Tyler to Porters Bluff, and in doing so met appellant and several others in an auto in which they carried 172 bottles of whisky.   This whisky was taken in possession by the sheriff and the parties arrested and placed in jail.   Shortly afterward appellant gave bond and was discharged from custody, and upon doing so claimed twelve bottles of whisky, which was turned over to him by the sheriff.   A woman testified that she got a pint of whisky from appellant on the 28th day of October.   She is contradicted in such way and by such circumstances that we presume the jury did not credit her testimony.   It is shown beyond question by several witnesses, and one of them, Dr. Smith, a physician, who performed a surgical operation upon defendant on the 24th day of October, that he was unable to be out of his room and bed at the time this woman says she bought whisky from him, which she says was on the 28th of October.   Not only Dr. Smith testifies to this, who was the attending physician and surgeon, but other witnesses testified to the same facts.   If this woman bought whisky from appellant she evidently got the date wrong.   Appellant and his witnesses deny selling whisky to Dyer at any time, and introduced evidence to the effect that Dyer bought

whisky about the time indicated from a man named Collins and not from appellant. This is the case briefly stated.

If Dyer bought whisky from appellant as he testified, on two specified occasions, and at numerous other times not specified in the indictment, this might possibly be sufficient to predicate a conviction in connection with the sheriff's testimony that he and others found appellant and others in possession of 172 bottles of whisky, twelve of which belonged to him. We would hardly feel justified in view of these facts and circumstances to reverse this judgment, though to the mind of the writer it seems the testimony is rather meager to form the predicate of pursuing the business or occupation of selling intoxicants. As the record is presented, however, the judgment will be affirmed.

*Affirmed.*